(No. 78-CC-1406-)

HARRY A. DOUGAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 21, 1980.*

PER CURIAM.

This cause coming on to be heard on the stipulation of the Respondent and the Court being fully advised in the premises finds that this is a claim for bonus payment pursuant to Amended Section 11.00 of the Department of Personnel Pay Plan.

Section 11.00 as amended reads as follows:

"Those employees on the payroll as of June 30, 1977 who were at Step 5 or 6 with 12 months or more creditable service as of December 1, 1976 shall receive a single payment equal to the value of a step increase multiplied by the number of months, commencing December 1, 1976 and ending June 30, 1977, in which they remained on Step 5 or 6. Creditable service dates will be changed to reflect that, as of December 1, 1976, employees on Step 5 or 6 with 12 months creditable service were advanced to the next higher step."

In opinion S-1285, the Attorney General rendered his opinion as to the applicability and validity of Section 11.00 at the request of the Comptroller. In part that opinion states as follows:

"Section 11.00 became effective on June 30, 1977. All payments provided for in the section are effective on or after June 30. In order to receive these payments employees must be on the State payroll on either June 30 or July 1, depending on the type of payment. It is obvious that the payments in section 11.00 are not intended to remunerate employees for past services. For example, the $100.00 payment is made to all affected employees on July 1, even though they may have no prior service. While the five percent payments and step increase payments provided for in the first and second paragraphs of section 11.00 are conditioned on the fact that some service was rendered prior to June 30 or July 1, employees who were on the payroll during this time, but who no longer are, receive no payments under this provision.

The director of the Department of Personnel, under section 8a of the

Personnel Code, has authority to establish a pay plan. This is what the director has done. The prior service criterion for determination of the amount of pay may be viewed similarly to prior service requirements for longevity or step increases. Prior service or past experience is a well recognized criterion for determining basic salary and pay increases. While a lump sum payment is not a traditional form of a pay increase, it is within the range of the Director's discretionary power to establish a pay plan."

Therefore, this Court grants this Claimant an award of $287.00 with appropriate additions for employer contributions to employee retirement and/or FICA and appropriate deductions and withholdings for employee contributions to employee retirement and/or FICA and State and Federal taxation.